37209. SENTRY INDEMNITY COMPANY v. SHARIF.

JORDAN, Chief Justice.

We granted certiorari to review the Court of Appeals' opinion in this case in order to determine whether or not Code Ann. § 56-2409

continues to apply to insurance policies covered by Code § 56-2430.1. See *Sentry Indemnity Co. v. Sharif,* 156 Ga. App. 828 (280 SE2d 354) (1980).[1]

In May, 1980, in answer to certified questions from the Fifth Circuit Court of Appeals, this court decided *Pearce v. Southern Guaranty Ins. Co.,* 246 Ga. 33 (268 SE2d 623) (1980). We held that a no-fault automobile insurance policy issued under Georgia law could not be voided retrospectively as provided by Code Ann. § 56-2409 even in situations where the insured had made material misrepresentations in securing the policy. We reasoned, in so holding, that because the insurer had to give five days notice of cancellation to the Department of Public Safety under Code Ann. § 56-3412b (a) that a policy could not be voided (or cancelled) retrospectively.

The Court of Appeals applied the *Pearce* holding in this case thereby allowing recovery on a binder the insurance company had sought to declare void ab initio on the basis that the insured had made material misrepresentations in applying for the insurance.

Sentry, the insurer, argues that there are factual differences between this case and *Pearce* in that only a binder had been issued in the instant suit, whereas a policy, presumably after full investigation, had been issued in *Pearce.* Furthermore, Sentry specifically sought to declare this coverage void from its inception. In *Pearce,* the insurer stated that its cancellation was to become effective on a prospective date.

We agree with the Court of Appeals that the binder/policy distinction is of no consequence insofar as retrospective cancellation is concerned. But see, Code Ann. § 56-2430.1 (G). The second postulated distinction is likewise irrelevant. The *Pearce* holding was based on the underlying policy of Georgia's no-fault automobile insurance scheme. "Since the purpose of a compulsory insurance statute is to assure, as far as possible, that there will be no certificate of registration outstanding without concurrent and continuous liability insurance coverage, and since, once a certificate of insurance has been issued and filed [with the appropriate state agency], the contract of insurance *ceases to be a private contract between the parties and a supervening public interest then attaches and restricts the rights of the parties in accordance with the statutory provisions,* it is impossible to reconcile the existence of a right to rescind the

---

[1] This question was raised but not answered in *Peek v. Southern Guaranty Ins. Co.,* 240 Ga. 498, fn. 1 (241 SE2d 210) (1978). See *Pearce v. Southern Guaranty Ins. Co.,* 246 Ga. 33, fn. 3 (268 SE2d 623) (1980).

insurance contract ab initio for fraud with the general scheme of the compulsory insurance law. . . . Thus it has been universally held or recognized that an insurer cannot, on the ground of fraud or misrepresentations relating to the inception of the policy, retrospectively avoid coverage under a compulsory or financial responsibility insurance law so as to escape liability to a third party." (Emphasis supplied.) 7 AmJur2d, Automobile Insurance § 37, p. 493. E.g., Teeter v. Allstate Ins. Co., 192 NYS2d 610 (N.Y. S.C., 1959). Accord, Annot., 83 ALR2d 1104 (1962).

The reasoning in *Pearce,* then, that cancellation could not be retrospective because the insurer must notify the Department of Public Safety before cancellation can be effective (Code Ann. § 56-3412b), is also true because of the required notification of the insured as provided by Code Ann. § 56-2430.1. Subsection (G) of Code Ann. § 56-2430.1 eliminates the requirement of notice to the insured from the provisions of the statute if the policy has been in effect for less than sixty days. However, the insurer would still have to give the required notice to the Department of Public Safety pursuant to Code Ann. § 56-3412b. An insurer could cancel a policy less than sixty days old in a much shorter period of time than an older policy by not having to give thirty days notice to the insured; but, the insurer could not void even the less than sixty-day-old policy retrospectively without giving notice to the Department of Public Safety.

For these reasons, we affirm the holding of the Court of Appeals and conclude that Code Ann. § 56-2409 does not apply to insurance policies covered by Code Ann. § 56-2430.1.

*Judgment affirmed. Hill, P. J., Clarke and Gregory, JJ., concur. Marshall, J., concurs in the judgment only. Smith, J., disqualified.*

DECIDED OCTOBER 15, 1981 —
REHEARING DENIED NOVEMBER 4, 1981.

*Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellant.
*Alex D. McLennan,* amicus curiae.
*Thomas B. Murphy, Jack F. Witcher,* for appellee.