38524. INTERNATIONAL INDEMNITY COMPANY v. LEWIS et al.

MARSHALL, Justice.

This is a suit by the appellant, International Indemnity Company, for reformation of an automobile insurance policy providing basic third-party liability insurance and personal injury protection, i.e., no-fault, benefits. The superior court reasoned that under our decisions in *Pearce v. Southern Guaranty Ins. Co.,* 246 Ga. 33 (268 SE2d 623) (1980), and *Sentry Indemnity Co. v. Sharif,* 248 Ga. 395 (282 SE2d 907) (1981), the appellant is not entitled to obtain reformation of this insurance policy. For reasons which follow, we reverse.

1. In this case, appellee Johnny Lewis appeared at the office of Barnes & Barnes Insurance Agency in Macon, Georgia, at approximately 2:00 p.m. on February 1, 1980. He requested liability and no-fault coverage for himself and his wife, appellee Cynthia Lewis, on a 1975 Chrysler Cordoba. He was requested by the insurance agent to telephone in his wife's driver's license number, which he did at approximately 5:00 p.m. The insurance agent bound coverage effective 12:01 a.m., February 1.

However, at approximately 10:00 a.m. on February 1, appellee Cynthia Lewis, while driving the Cordoba, had been involved in a collision with an automobile driven by appellee Doris Hendley. Although there is a conflict in the evidence as to whether Johnny Lewis was aware of the accident at 2:00 p.m. on February 1 when he initially appeared at the insurance agency, it is undisputed that he was aware of the accident at 5:00 p.m. when he telephoned in his wife's driver's license number.

Although an agent from Barnes & Barnes informed the parties that there was no insurance coverage for this accident, International Indemnity subsequently issued the policy to the Lewises and retained premium payments remitted by them. International later filed this suit seeking reformation of the insurance policy to show the effective time of coverage to begin subsequent to the collision here involved.

2. In *Pearce v. Southern Guaranty Ins. Co.,* supra, we held that an automobile insurance policy issued under the provisions of the Georgia No-Fault Act (Ga. Motor Vehicle Accident Reparations Act; Ga. L. 1974, pp. 113 et seq.; Code Ann. Ch. 56-34B) cannot be voided retrospectively because of misrepresentations of the insured in the insurance application, since § 12 of the No-Fault Act (Code Ann. § 56-3412b) requires the insurance company to notify the Department of Public Safety within five days after the effective date of cancellation. In *Sentry Indemnity Co. v. Sharif,* supra, we applied our holding in *Pearce* to a situation in which an insurance binder, but not an insurance policy, had been issued at the time of the collision.

3. As previously stated, the superior court reasoned that under *Pearce* and *Sharif,* International could not obtain reformation of the subject insurance policy. However, we consider *Pearce* and *Sharif* to be inapplicable under the unusual facts of this case, because the collision occurred here before the application for the insurance policy was even made.

Therefore, the judgment must be reversed and the case remanded in order for the superior court to determine under general equitable principles whether to grant International's prayers for reformation of this insurance policy. In this regard, cf., *Cox v. Smith,* 244 Ga. 280 (1) (260 SE2d 310) (1979); *Smith v. Brown,* 220 Ga. 845 (142 SE2d 262) (1965), with Broome v. State Farm Mut. Auto. Ins. Co., 152 S2d 827 (La. App., 1963).

*Judgment reversed. All the Justices concur.*

DECIDED MAY 19, 1982.

*Harris, Watkins, Davis & Chambless, Joseph H. Davis,* for appellant.

*James M. Wootan,* for appellees.