## 39416. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. PHILLIPS et al.

BELL, Justice.

This case is an appeal from an order dismissing Georgia Farm Bureau Mutual Insurance Company (Farm Bureau)'s suit for declaratory judgment. We affirm.

James Riley was operating a motorcycle which was struck by a car driven by Ronnie Leon Phillips. The collision killed Riley and injured his passenger, Michael McDonald, and subsequently Riley's parents sued Phillips for damages for the alleged wrongful death of their son, and McDonald sued Phillips claiming damages for personal injuries. Farm Bureau, Phillips' liabilty insurer, filed a complaint against the Rileys, McDonald, Ronnie Phillips, and Ronnie's brother, Joseph D. Phillips, who had obtained the policy for Ronnie. In its suit Farm Bureau sought to enjoin the pending actions and to obtain a declaratory judgment that the policy was void due to misrepresentations made by Joseph when he applied for it. The Rileys and McDonald moved to dismiss for failure to state a claim based on our decision in *Sentry Indem. Co. v. Shariff*, 248 Ga. 395 (282 SE2d 907) (1981), and the trial judge granted the motions. Farm Bureau appeals.

Farm Bureau does not contend that the entire policy should be voided, but instead argues that it should be reformed to limit liability coverage to the statutory minimum coverage. In particular, although appellant recognizes that OCGA § 33-34-10 (Code Ann. §§ 56-3412b, 56-9915.3) requires insurers to notify the Department of Public Safety before cancellation of no-fault automobile coverage can be effective, *Sentry Indem.,* supra, it condends that the notice requirement of OCGA § 33-34-10 (a) (1) (Code Ann. §§ 56-3412b, 56-9915.3) is limited by its terms to the minimum insurance coverage required by OCGA Ch. 33-34 (Code Ann. Chs. 56-34B, 56-99), and that the "supervening public interest [which] restricts the rights of the parties in accordance with the statutory [compulsory insurance] provisions," *Sentry Indem.,* supra at 396, attaches only to the minimum required coverage. Therefore, Farm Bureau argues that OCGA § 33-24-7 (b) (Code Ann. § 56-2409) controls as to the optional amount of coverage, and that consequently, although material misrepresentations allegedly made by Joseph Phillips in securing the policy are not a proper basis for retrospectively voiding the statutory minimum coverage, they are a proper ground for retrospectively voiding the more extensive coverage.

We disagree. First, because optional amounts of liability

coverage are contemplated by our Motor Vehicle Accident Reparations Act, OCGA Ch. 33-34 (Code Ann. Chs. 56-34B, 56-99), we refuse to make the distinctions appellant urges between mandatory minimum and optional amounts of coverage. Specifically, OCGA § 33-34-3 (a) (1) (Code Ann. § 56-3405b) provides, "All policies of motor vehicle liability insurance issued in this state must be in accordance with the requirements of this chapter; and no insurer shall issue a policy of motor vehicle liability insurance in this state that does not contain at least the minimum coverages required under this chapter." OCGA § 33-34-3 (b) (Code Ann. § 56-3405b) states, "Nothing in Code Sections 33-34-4 (Code Ann. § 56-3403b)[1] and 33-34-5 (Code Ann. § 56-3404b) shall be construed to prohibit the issuance of policies providing coverage more extensive than the minimum coverage required by those Code Sections." Because OCGA § 33-34-3 (Code Ann. § 56-3405b) indicates that more extensive coverage is within the contemplation of Ch. 33-34, (Code Ann. Chs. 56-34B, 56-99), we hold that even though an insured is not required to have a more extensive amount of liability coverage, where he elects to do so that coverage will be treated in the same manner as compulsory minimum insurance with respect to the notice requirement of OCGA § 33-34-10 (Code Ann. §§ 56-3412b, 56-9915.3). *Sentry Indem.,* supra at 396; *Pearce v. Southern Guaranty Ins. Co.,* 246 Ga. 33 (268 SE2d 623) (1980). See also *Auto-Owners Ins. Co. v. Safeco Ins. Co.,* 245 Ga. 558 (1), 561 (266 SE2d 175) (1980) (optional collision coverage held to be contemplated within a policy of Motor Vehicle Accident Reparations Act liability insurance).

There is an additional reason to uphold the dismissal of appellant's complaint. It appears that Farm Bureau has overlooked the holding of our decision in *Sentry Indem.,* supra, whereby we determined whether OCGA § 33-24-7 (Code Ann. § 56-2409) applied to insurance policies covered by OCGA § 33-24-45 (Code Ann. § 56-2430.1). In *Sentry Indem.* we said, "The reasoning in *Pearce,* then, that cancellation could not be retrospective because the insurer must notify the Department of Public Safety before cancellation can be effective [OCGA § 33-34-10 (Code Ann. §§ 56-3412b, 56-9915.3)], is also true because of the required notification of the insured as

---

[1] OCGA § 33-34-4 (a) (1) (Code Ann. § 56-3403b) requires as minimum coverage, "[m]otor vehicle liability insurance equivalent to that required as evidence of security for bodily injury and property damage liability under the motor vehicle safety responsibility laws of this state. . . ." See OCGA § 40-9-37 (Code Ann. § 68C-307).

provided by [OCGA § 33-24-45 (Code Ann. § 56-2430.1)]. . . . [We] conclude that [OCGA § 33-24-7 (Code Ann. § 56-2409)] does not apply to insurance policies covered by [OCGA § 33-24-45 (Code Ann. § 56-2430.1)]." Id. at 397.

OCGA § 33-24-45 (d) (Code Ann. § 56-2430.1) provides that, "No notice of cancellation of a policy to which this Code section applies shall be effective unless mailed or delivered by the insurer to the named insured at least 30 days prior to the effective date of the cancellation. . . ." The policies to which OCGA § 33-24-45 (Code Ann. § 56-2430.1) applies are those "insuring a natural person as named insured or one or more related individuals resident of the same household and which provid[e] *bodily injury coverage and property damage liability coverage,* physical damage coverage, medical payments coverage, and uninsured motorists' protection coverage or any combination of coverages. . . ." Id. (b) (2. (Emphasis supplied.) This provision does not distinguish between mandatory minimum and optional amounts of coverage, and the optional amount provided by Farm Bureau clearly falls within OCGA § 33-24-45's (Code Ann. § 56-2430.1) ambit.

Thus, in the instant case we conclude that even though Joseph Phillips may have made material misrepresentations in securing the policy from appellant, OCGA §§ 33-24-45 (Code Ann. § 56-2430.1) and 33-34-10 (Code Ann. §§ 56-3412b, 56-9915.3) prevent the retrospective avoidance pursuant to OCGA § 33-24-7 (Code Ann. § 56-2409) of both the statutory minimum and the more extensive coverage contained in the policy.

For the reasons stated above, we affirm the dismissal.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., who concurs in the judgment only.*

DECIDED JULY 11, 1983.

*Ranitz, Mahoney, Forbes & Coolidge, Morton G. Forbes,* for appellant.

*Billy N. Jones, Thomas C. Bordeaux, Jr., Richard D. Phillips,* for appellees.