A92A1618. WALTER et al. v. ALLSTATE INSURANCE COMPANY.
A92A1619. PECK v. ALLSTATE INSURANCE COMPANY.
(424 SE2d 866)

BIRDSONG, Presiding Judge.

Allstate Insurance Company issued an automobile insurance policy covering Jesse Clifford Walter, Jr., and Andrea Walter for the period September 6, 1990 — March 6, 1991. After the Walters failed to make one of the required premium payments, Allstate sent the required notices about the non-payment, and when payment was not received, cancelled the Walters' policy effective 12:01 a.m. on October 23, 1990.

At approximately 5:30 p.m. on October 23, 1990, Andrea Walter was involved in an automobile collision with Darlene Peck. The next day, the Walters paid the premium for the policy at an Allstate agent's office. After the payment was received by mail at Allstate's home office, the policy was re-activated.

After Peck sued the Walters for damages arising from the automobile collision, Allstate filed an action against the Walters and Peck seeking a declaratory judgment of its obligations under the automobile insurance policy. Allstate contends it has no responsibility to defend or indemnify the Walters because the collision with Peck occurred after the policy was cancelled and before the policy was reinstated. The Walters and Peck contend, however, that notwithstanding the cancellation notice, the policy was effective at the time of the accident because the policy was reinstated retroactive to the date of cancellation and, in any event, the cancellation was not effective because Allstate failed to give notice to the State Department of Public Safety as required by OCGA § 33-34-11 (a) (1). (OCGA § 33-34-11 was repealed effective January 1, 1991. The notice procedures are now contained in OCGA § 40-5-71, as corrected.)

After Allstate and Peck moved for summary judgment, the trial court denied Peck's motion and granted Allstate's motion for summary judgment. The trial court held that the evidence showed that the accident occurred after the policy was cancelled and before the policy was reinstated, and that the Walters' and Peck's contention that Allstate's failure to comply with OCGA § 33-34-11 (a) (1) was

not well taken because OCGA § 33-34-11 (a) (3) provides that irregularities giving notice to the Department of Public Safety shall not invalidate a valid cancellation. These appeals followed. *Held*: ·

1. Allstate's motion to dismiss the appeals because appellants failed to include the required jurisdictional statement is denied. OCGA § 5-6-48 (a).

2. The parties' motion to consolidate the appeals is granted.

3. The Walters and Peck assert that the trial court erred by granting summary judgment to Allstate and by failing to grant summary judgment to Peck because Allstate did not notify the Department of Public Safety in writing of the cancellation as provided by OCGA § 33-34-11 (a) (1). Although decisions of this court have held that notice to the Department was a condition precedent to an effective policy cancellation (e.g., *Dupree v. Georgia Mut. Ins. Co.*, 188 Ga. App. 857 (374 SE2d 546)), these pre-date the 1990 amendment to OCGA § 33-34-11 which added OCGA § 33-34-11 (a) (3): "Notwithstanding the provisions of paragraph (1) of this subsection, any irregularities in the notice to the Department of Public Safety required by paragraph (1) of this subsection shall not invalidate an otherwise valid cancellation." Therefore, the decisions appellants rely upon are no longer valid precedent.

Further, we reject appellants' contentions that before OCGA § 33-34-11 (a) (3) is applicable, some irregular notice under OCGA § 33-34-11 (a) (1) must be attempted. We must give the words of the Code section their ordinary signification (OCGA § 1-3-1 (b); *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430)), and by its plain terms OCGA § 33-34-11 (a) (3) applies to "any irregularities." Thus, the failure to give any notice is "any irregularity." Moreover, under the facts of this case, in which the policy was reinstated within the 15-day period in which Allstate was required to notify the Department, giving notice would be a useless endeavor. As appellants recognize the purpose of the notice requirement is to eliminate automobile registrations outstanding without insurance coverage (see *Sentry Indem. Co. v. Sharif*, 248 Ga. 395 (282 SE2d 907)); consequently, giving notice that a policy was cancelled after the policy had already been reinstated, would not serve the purpose of the notice provision. Accordingly, this enumeration of error is without merit.

4. Appellants also contend the trial court erred by finding that the policy was not reinstated retroactive to the date and time of cancellation. This argument is also without merit. Allstate's records show that the policy was cancelled on October 23, 1990, prior to the collision, and was not reinstated until October 25, 1990, after the accident. Although the records indicate the policy was reinstated retroactively, the undisputed admissible evidence shows that the policy was reinstated retroactive to October 25, and not October 23. Further, appel-

188

lants' reliance on cases concerning retroactive reinstatement of life insurance policies in which the loss had not occurred prior to the reinstatement is not warranted.

Accordingly, we find no error.

*Judgments affirmed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 5, 1992.

*J. Wyman Lamb*, for appellants (case no. A92A1618).

*Harris, Van Gelderen & Cruz, Leon Van Gelderen, Kenneth I. Bergman*, for appellant (case no. A92A1619).

*Chambers, Mabry, McClelland & Brooks, Stuart K. Theodore*, for appellee.

