A92A2112. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. BUTLER.
(428 SE2d 386)

Carley, Presiding Judge.

The facts, insofar as they are relevant to the resolution of the instant appeal, are as follows: On February 16, 1990, appellee-plaintiff lost control of his automobile and was injured. He sought no-fault benefits under a policy of automobile insurance which had been issued to him by appellant-defendant. When appellant denied coverage, appellee filed suit. Appellant answered, asserting that appellee had failed to pay premiums and that the policy had been canceled on January 17, 1990. After discovery, cross-motions for summary judgment were filed as to the existence of coverage. The trial court granted

summary judgment in favor of appellee, holding that the attempt to cancel appellee's policy was ineffective because appellant had failed to give any notice thereof to the Department of Public Safety. It is from that order that appellant appeals.

Former OCGA § 33-34-11 (a), the applicable statute here, provided, in relevant part, that the insurer "shall notify the Department of Public Safety in the form specified by the department of [the] cancellation and the reason for such cancellation." Nothing in this former statute specified that the giving of notice to the Department of Public Safety was a condition precedent to the insurer's effectuation of a successful cancellation of an insured's automobile policy. However, the Supreme Court construed the almost identical language of the predecessor statute to former OCGA § 33-34-11 (a) (1) as *"requir[ing]* insurers to notify the Department of Public Safety *before* cancellation of no-fault automobile coverage can be *effective. . . ."* (Emphasis supplied.) *Ga. Farm &c. Ins. Co. v. Phillips,* 251 Ga. 244 (304 SE2d 725) (1983). See also *Sentry Indem. Co. v. Sharif,* 248 Ga. 395, 397 (282 SE2d 907) (1981); *Pearce v. Southern Guar. Ins. Co.,* 246 Ga. 33 (268 SE2d 623) (1980). Thus, under the predecessor statute to former OCGA § 33-34-11 (a) (1), "notice to the Department [of Public Safety] *was* a condition precedent to an effective policy cancellation. . . ." (Emphasis supplied.) *Walter v. Allstate Ins. Co.,* 206 Ga. App. 186, 187 (3) (424 SE2d 866) (1992). It follows that, under controlling Supreme Court authority, the almost identical language of former OCGA § 33-34-11 (a) (1), standing alone, must likewise be construed as establishing a condition precedent to an effective policy cancellation. "It is presumed that the legislature knows and enacts statutes with reference to the existing law, including the decisions of the courts, and when there is nothing in the enactment to indicate that the words used were to have a new and different meaning they should be construed as having the same meaning that was attached to them before the enactment. [Cits.]" *Buckhead Drs.' Bldg. v. Oxford Fin. Cos.,* 115 Ga. App. 52, 55 (153 SE2d 650) (1967). Compare *Walter v. Allstate Ins. Co.,* supra (discussing former OCGA § 33-34-11 (a) (3), which, not having taken effect until April 11, 1990, has no applicability here).

There are, of course, factual differences between the instant case and the Supreme Court decisions wherein the predecessor statute to former OCGA § 33-34-11 (a) (1) was construed. However, those factual differences are not material to the legal issue of the proper construction of former OCGA § 33-34-11 (a) (1) and would not authorize a finding that notification to the Department of Public Safety was not a condition precedent to the effectiveness of appellant's attempted cancellation of appellee's policy in the instant case. If, as the Supreme Court has held, the language of former OCGA § 33-34-11 (a) (1) es-

tablishes notification as a condition precedent to the effectiveness of cancellation, such notification is, as a matter of contract law, a condition precedent to the effectiveness of cancellation regardless of the varying factual circumstances which might otherwise surround the attempt to cancel.

It is undisputed that appellant gave *no* notification to the Department of Public Safety of its cancellation of appellee's policy. Compare *Dupree v. Ga. Mut. Ins. Co.*, 188 Ga. App. 857 (374 SE2d 546) (1988). It follows, therefore, that the cancellation *never* became effective. Accordingly, the trial court correctly granted partial summary judgment in favor of appellee as to the existence of coverage under the uncancelled policy.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 10, 1993 —
RECONSIDERATION DENIED FEBRUARY 23, 1993 —

*Greer, Klosik & Daugherty, John F. Daugherty, Robert J. McCune*, for appellant.

*Nickerson & Tuszynski, David E. Tuszynski*, for appellee.