## A03A0950. LIBERTY INSURANCE CORPORATION
## v. FERGUSON et al.
### (589 SE2d 290)

ADAMS, Judge.

Liberty Insurance Corporation appeals the denial of its request for declaratory relief. Liberty had sought to ascertain whether it had a contractual obligation to provide liability coverage under an automobile insurance policy, notwithstanding its insured's concealment of material facts when applying for the policy and despite the availability of other coverage to the injured third party. Liberty appeals the grant of summary judgment against it.

On March 7, 1997, Lillie McQuaide applied to Liberty for an automobile insurance policy. On the application, McQuaide requested coverage for two cars, designating only herself and her daughter, Lisa Mitchell, as the operators. As required, McQuaide disclosed information about her own and Mitchell's traffic convictions and accidents. Nowhere on the application did McQuaide list her son, Darrin Mashburn, who was also living with her, as an operator of either vehicle. It is undisputed that McQuaide knew about her son's spotty driving record that included charges against Mashburn for driving without a license, reckless driving, speeding, two DUIs, and failure to maintain lane. McQuaide also knew that Mashburn had been charged in September 1994 with leaving the scene of an accident and driving on a suspended license.

Just above the signature line, the application stated: "[i]t is understood and agreed that any policy issued . . . is based on the statements contained herein. I further agree that this policy shall be null and void if these answers are false or given with the intent to deceive or materially affect the acceptance of the risk assumed by Liberty Mutual." Liberty approved McQuaide's application and issued a policy that included $100,000 in liability insurance for bodily injury.

In early April 1997, McQuaide purchased a pickup truck and asked her agent to add it to her policy with Liberty. McQuaide admits that she let Mashburn use the pickup whenever he wanted and left a set of keys inside the truck so that he could do so. On April 21, 1997, Mashburn had a wreck while driving this truck. On April 28, while again driving the pickup, Mashburn collided with a vehicle driven by Thomas R. Ferguson. Ferguson suffered a broken leg, a punctured lung, broken ribs, and other injuries. The owner of the vehicle that Ferguson was driving had a policy with National General Insurance Company that included under/uninsured motorist coverage. In addition, Ferguson had a policy with State Farm Mutual Insurance Company that provided uninsured motorist protection.

On March 10, 1999, Ferguson sued McQuaide and Mashburn.

Under OCGA § 34-9-11.1, Travelers Insurance Company, Ferguson's employer's workers' compensation insurance carrier, intervened in the tort action, seeking to recover over $100,000 in benefits paid to Ferguson as a result of the collision. Thereafter, to ascertain its contractual duties, if any, to McQuaide and Mashburn under the policy issued to McQuaide, Liberty filed the underlying declaratory judgment action. Liberty later amended its complaint to add Travelers, State Farm, and National General as parties.

Liberty and Ferguson moved for summary judgment. Liberty admits in its appellate brief that it "seeks to rescind the policy at issue based upon material misrepresentations in the application process (as opposed to seeking to enforce a policy exclusion)." Liberty relied upon subsection (b) of OCGA § 33-24-7, which provides in pertinent part:

> Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy . . . unless: (1) Fraudulent; (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or (3) The insurer in good faith would . . . not have issued the policy . . . if the true facts had been known to the insurer as required either by the application for the policy . . . or otherwise.

Liberty offered the affidavit of its underwriter, Dennis Hamby, who testified that "[t]he identity and driving record of prospective insured drivers is material to the acceptance of the risk assumed by Liberty. . . ." He testified that Liberty had relied upon the application and that, "[i]n light of Mashburn's poor driving record, if Lillie McQuaide had listed Darrin Mashburn as an operator as required by the application, Liberty would not have issued the subject policy."

In denying Liberty's motion, the trial court held that regardless of whether McQuaide made material misrepresentations on her application, based on OCGA § 33-24-45, her policy with Liberty remained enforceable. The court found "as a matter of law that the policy cannot be voided retrospectively based on misrepresentations relating to its inception pursuant to OCGA § 33-24-7."

1. Liberty mistakenly relies on OCGA § 33-24-7, rather than OCGA § 33-24-45, which specifically regulates the cancellation of automobile insurance policies.[1] In *Pearce v. Southern Guaranty Ins.*

---

[1] "This Code section shall apply only to those portions of an automobile policy or a motorcycle policy which relate to bodily injury and property damage liability, personal injury protection, medical payments, physical damage, and uninsured motorists' coverage." OCGA § 33-24-45 (a).

*Co.*, 246 Ga. 33 (268 SE2d 623) (1980), our Supreme Court expressly held that even when the insured had made material representations in securing the policy, "an automobile insurance policy providing basic third party liability insurance and basic personal injury protection benefits (no-fault) issued pursuant to Georgia law cannot be voided retrospectively under Code Ann. § 56-2409 [(OCGA § 33-24-7)]." Id. at 39. Subsequently, in *Sentry Indem. Co. v. Sharif*, 248 Ga. 395 (282 SE2d 907) (1981), the Supreme Court reiterated this principle, noting, "it has been universally held or recognized that an insurer cannot, on the ground of fraud or misrepresentations relating to the inception of the policy, retrospectively avoid coverage under a compulsory or financial responsibility insurance law so as to escape liability to a third party." (Citations and punctuation omitted.) Id. at 397. The Supreme Court held that Code Ann. § 56-2409 (OCGA § 33-24-7) does not apply to insurance policies covered by Code Ann. § 56-2430.1 (OCGA § 33-24-45). Id. See also *Ga. Farm &c. Ins. Co. v. Phillips*, 251 Ga. 244, 246 (304 SE2d 725) (1983).

Because Liberty cannot rely upon OCGA § 33-24-7 and cases construing that statute, Liberty cannot retrospectively void the liability portion of McQuaide's policy even if McQuaide failed to fully disclose all information or made material misrepresentations when applying for the policy. See *Patriot Gen. Ins. Co. v. Millis*, 233 Ga. App. 867, 870-871 (1) (506 SE2d 145) (1998) (insurer's right to rescind insurance contract ab initio for fraud cannot be reconciled with general statutory framework requiring compulsory insurance).

2. Liberty also contends that the trial court failed to consider cases which address a tort victim's access to other insurance coverage. See *Auto-Owners Ins. Co. v. Jackson*, 211 Ga. App. 613 (440 SE2d 242) (1994); *Travelers Ins. Co. v. Progressive Preferred Ins. Co.*, 193 Ga. App. 864 (389 SE2d 370) (1989). Liberty argues that when the party injured by another's negligence has access to other insurance, including his own uninsured motorist coverage, "then exclusions in the liability policy covering the allegedly responsible tortfeasor may be enforced, so as to deny the injured party access to that insurance coverage."

But again, Liberty confuses the law governing the enforceability of exclusions with the law controlling the cancellation of automobile liability policies. Liberty cites no case, and we have found none, that would allow an insurer to void an automobile insurance policy affording third party liability protection without utilizing the statutory procedures mandated by OCGA § 33-24-45. Both *Travelers* and *Jackson* involve the question of access to other coverage in the context of a policy exclusion — not policy cancellation.

As a final matter, Liberty claims that under *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985), it should be

allowed to rescind the policy to the extent that the liability coverage exceeds the minimum liability limits of $15,000 mandated by the state law in effect at the time of the collision. But *Neese* is factually and legally distinguishable for the same reason. It did not involve an insurer's effort to cancel an insurance policy procured through material misrepresentations. Instead, the dispositive issue was the enforceability of a policy exclusion. Id. at 336. Since *Neese* addressed an entirely different question, it provides no support for Liberty's argument. No error has been shown.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 22, 2003.

*Carter & Ansley, Burke B. Johnson,* for appellant.

*George & Wallach, H. Emily George, Todd S. Colarusso, Mabry & McClelland, Gino L. Montoya, Robert M. Darroch, Donahue, Hoey & Skedsvold, Craig R. White, Drew, Eckl & Farnham, Scott P. Archer, J. Daran Burns,* for appellees.