JCC Medical, P.C., as Assignee of Alou Ba, Appellant,
against
Infinity Group, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered June 18, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion for summary judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that, upon the application of Georgia law, the automobile insurance policy had been rescinded ab initio, and, thus, there was no coverage for the July 18, 2011 accident in question. By order entered June 18, 2014, the Civil Court granted defendant's motion.
It is uncontroverted that defendant had issued a Georgia automobile insurance policy to the brother of plaintiff's assignor, "effective from August 28, 2010 through August 28, 2011," who had made various representations to defendant in his insurance application, including that he resided in Georgia, that the insured vehicle was garaged in Georgia, and that the assignor was an adult who resided in his Georgia household and also drove the insured vehicle. On July 18, 2011, the assignor was involved in an automobile accident while driving the insured vehicle in Brooklyn, NY. In support of its motion for summary judgment dismissing the complaint, defendant argued, among other things, that there was a conflict between the laws of Georgia and New York regarding the retroactive rescission of automobile insurance polices, that Georgia law controlled herein, and that, pursuant to Georgia Code Annotated § 33-24-7, the Georgia automobile insurance policy in question had been retroactively rescinded after defendant had discovered that the assignor, in fact, lived in Brooklyn, NY and garaged the insured vehicle on the street in Brooklyn.
Upon a review of the record, we find that defendant failed to show that there is a conflict between the laws of Georgia and New York with respect to the retroactive rescission of an automobile insurance policy which has been issued to a natural person for a private passenger vehicle, as both states prohibit the retroactive rescission of such a policy (see Vehicle and Traffic Law § 313; Matter of Government Empls. Ins. Co. v Nichols, 8 AD3d 564 [2004]; Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56, 58 [2000]; see also Geogia Code Ann §§ 33-24-44, 33-24-45; Sentry Indem. Co. v Sharif, 248 Ga 395, 282 SE2d 907 [1981]; Liberty Ins. Corp. v [*2]Ferguson, 263 Ga App 714, 589 SE2d 290 [2003]; FCCI Ins. Group v Rodgers Metal Craft, Inc., 2008 WL 2951992, *7-8 [MD GA, July 28, 2008, No. 4:06-CV-107 (CDL)]; cf. T.J. Blake Trucking, Inc. v Alea London, Ltd., 284 Ga App 384, 643 SE2d 762 [2007] [the insurance policy was not issued to "a natural person" and, therefore, the policy could be retroactively rescinded pursuant to Georgia Code Ann § 33-24-7]). Under Georgia law, automobile insurance policies that are issued to "a natural person" for a "private passenger" vehicle cannot be retroactively rescinded pursuant to Georgia Code Annotated § 33-24-7, but may be prospectively cancelled pursuant to the procedure set forth in Georgia Code Annotated § 33-24-45 "which specifically regulates the cancellation of automobile insurance policies" (Liberty Ins. Corp. v Ferguson, 263 Ga App at 715-716, 589 SE2d at 291; see also Sentry Indem. Co. v Sharif, 248 Ga 395, 282 SE2d 907 [FN1]
; FCCI Ins.Group v Rodgers Metal Craft, Inc., 2008 WL 2951992, *7-8), and does not allow retroactive rescission (see Georgia Code Ann §§ 33-24-44 [d]; 33-24-45 [b]).

In view of the foregoing, defendant failed to show that the automobile insurance policy was retroactively rescinded and, thus, that there was no coverage for the July 18, 2011 accident.

Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.

Pesce, P.J., Solomon and Elliot, JJ., concur.

Decision Date: December 16, 2016



Footnotes

Footnote 1:It is noted that Georgia Code Ann § 33-24-7 was formerly Georgia Code Ann § 56-2409, and Georgia Code Ann § 33-24-45 was formerly Georgia Code Ann § 56-2430.1. In Sentry, which was decided before the Georgia No-Fault Act was repealed in October 1991, the Georgia Supreme Court held that "that Code Ann. § 56-2409 does not apply to insurance policies covered by Code Ann. § 56-2430.1." ~~