**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 10, 2025**

# In the Court of Appeals of Georgia

A25A0780. MAMOORKHAN v. AUTO-OWNERS INSURANCE COMPANY.

McFADDEN, Presiding Judge.

Zakirullah Mamoorkhan appeals the order granting summary judgment to Auto-Owners Insurance Company in Auto-Owner's declaratory judgment action. We vacate the order and remand the case for the trial court to consider a threshold issue: whether the statute upon which the trial court relied applies to this case.[1]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[1] Oral argument was held in this case on April 10, 2025, and is archived on the court's website. See Court of Appeals of Georgia, Oral Argument, Case No. A25A0780 (April 10, 2025), available at https://vimeo.com/1075661580.

to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). "We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." *Sorrow v. 380 Properties*, 354 Ga. App. 118, 120 (840 SE2d 470) (2020) (citation and punctuation omitted).

So viewed, the record shows that at about 12:25 p.m. on June 8, 2022, Mamoorkhan was involved in a motor vehicle collission. He was cited for failure to yield and driving without insurance. Less than two hours later, he applied for automobile insurance coverage over the telephone with Auto-Owners. Mamoorkhan's English is limited, and he used a friend to interpret for him.

The application instructed him to "list all accidents/claims/violations for all drivers in the last 3 years." He listed nothing. He signed the application. Auto-Owners issued a policy, effective 12:01 a.m. on June 8, 2022, hours before the accident.

A month after it had issued the policy, Auto-Owners sent a reservation of rights letter to Mamoorkhan, referencing "a claim that [it] had received for [him] that occurred on June 8th, 2022."[2] A few months later, Auto-Owners filed this declaratory judgment action, seeking a declaration that the policy was void ab initio; that

[2] At oral argument, the attorneys for both parties represented that no claim had been made for the collision, either by Mamoorkhan or by the other driver.

Mamoorkhan was afforded no coverage for any claims arising out of the accident; and that it had no duty to pay, defend, or indemnify Mamoorkhan for any claims arising out of the accident.

Auto-Owners moved for summary judgment, relying on OCGA § 33-24-7 (b). Paragraph (b) provides in part:

> Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless: . . . [m]aterial either to the acceptance of the risk or to the hazard assumed by the insurer; or [t]he insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

OCGA § 33-24-7 (b) (2), (3). Auto-Owners presented undisputed evidence that the failure to list the accident on the application was material to its decision to issue the policy at the premium rate applied for.

The trial court ruled in Auto-Owners's favor, relying on OCGA § 33-24-7 (b) (2) and (3), and Mamoorkhan filed this appeal.

Although the parties have not raised it,[3] this case presents an important threshold issue: whether OCGA § 33-24-7 (b) applies to this case at all. In *Sentry Indem. Co. v. Sharif*, 248 Ga. 395 (282 SE2d 907) (1981), our Supreme Court held that former Code Ann. § 56-2409, the predecessor to OCGA § 33-24-7, does not apply to insurance policies covered by former Code Ann. § 56-2430.1, the predecessor to OCGA § 33-24-45, which concerns the cancellation of automobile policies. *Sentry*, 248 Ga. at 397. The court held that "an insurer cannot, on the ground of fraud or misrepresentations relating to the inception of the policy, retrospectively avoid coverage under a compulsory or financial responsibility insurance law so as to escape liability to a third party." Id. at 397 (citations and punctuation omitted). See OCGA § 33-34-4. See also *Reynolds v. Infinity Gen. Ins. Co.*, 287 Ga. 86, 94 (694 SE2d 337) (2010) (Nahmias, J., concurring) ("the clear objective of the [s]tate's mandatory

---

[3] Mamoorkhan enumerates as error the grant of summary judgment and argues that whether he made a misrepresentation in the application process is a disputed issue of material fact. He seems to argue, as he did below, that he did not knowingly make a misrepresentation because he was not asked through the interpreter the question about accidents within the last three years. But see *White v. American Family Life Assur. Co.*, 284 Ga. App. 58, 60-61 (643 SE2d 298) (2007) (to prevail under OCGA § 33-24-7 (b) (2) or (3), insurer need not show that the applicant was aware of the falsity of the statement but "need only show that the representation was false and that it was material") (citations and punctuation omitted).

4

automobile liability insurance system . . . is to ensure that all vehicles are insured at all times for the protection of the public as well as their drivers and passengers"); *Patriot Gen. Ins. Co. v. Millis*, 233 Ga. App. 867, 870-871 (1) (506 SE2d 145) (1998) (insurer's right to rescind insurance contract ab initio for fraud cannot be reconciled with general statutory framework requiring compulsory insurance).

In *Liberty Ins. Corp. v. Ferguson*, 263 Ga. App. 714 (589 SE2d 290) (2003), we held that an insurer may not rely on OCGA § 33-24-7 to cancel an automobile insurance policy. Id. at 715 (1). We noted that OCGA § 33-24-45 "specifically regulates the cancellation of automobile insurance policies." Id. at 715 (1). We concluded that, "[b]ecause [the insurer] cannot rely upon OCGA § 33-24-7 and cases construing that statute, [the insurer] cannot retrospectively void the liability portion of [the insured's] policy even if [the insured] failed to fully disclose all information or made material misrepresentations when applying for the policy." Id. at 716 (1).

Given the questions about the applicability of OCGA § 33-24-7, "a question that the trial court did not address and the parties have not adequately briefed[,]" *Clayton County v. City of College Park*, 301 Ga. 653, 656 (2) (803 SE2d 63) (2017), we cannot say that Auto-Owners has demonstrated that it is entitled to a judgment as a

matter of law under that statute. "[I]t would be imprudent for this [c]ourt to reach out and decide that question ourselves in the first instance based on the briefing before us." *Guy v. Housing Auth. of Augusta*, ___ Ga. ___, ___ (___ SE2d ___) (Case No. S24G1346, decided June 24, 2025). "It is a complex and important question, and one that we are reluctant to address in the first instance without affording the trial court an opportunity to consider the question and without complete briefing by the parties." *Clayton County*, 301 Ga. at 656 (2). See *Wilkes & McHugh v. LTC Consulting*, 306 Ga. 252, 265 (4) (830 SE2d 119) (2019) (declining to decide issues in the first instance and remanding for trial court to consider whether statutes cited by plaintiff applied at all); *Strength v. Lovett*, 311 Ga. App. 35, 44 (714 SE2d 723) (2011) (we should not consider whether the trial court was wrong for any reason).

So we vacate the order granting summary judgment and remand the case to the trial court for further proceedings not inconsistent with this opinion.

*Judgment vacated and case remanded. Hodges and Pipkin, JJ., concur.*