## IN THE MATTER OF COLLINS.
### (SUPREME COURT DISCIPLINARY NO. 104)

PER CURIAM.

After Claude Brown was found guilty of burglary, attorney O. L. Collins was hired by Brown's sister, Ethel Nobles, to obtain an appeal bond for her brother and to handle his appeal. She paid Collins $1,000. Collins was discharged 5 days later. Although Collins was notified that he was discharged, in writing by Ms. Nobles and in writing by Brown, he refused to quit or to return the money.

Collins was charged with violations of and found guilty of two Standards, 21 and 23.[1] Regarding Standard 21, the special master found as follows: "I find as a matter of fact that Mr. Collins was discharged by the person who employed him (Ethel Nobles) and by the person for whom his services were obtained (Claude Brown, Jr.), but that notwithstanding said fact he persisted in attempting to represent Mr. Brown. A client has a clear right to discharge his attorney at any time, and upon dismissal the attorney is bound to withdraw from employment. Mr. Collins seems to believe that he cannot be discharged and that he has the right to continue in the case. This contention is without merit and constitutes a wilful violation of

---

[1]Standard 21 provides: "A lawyer representing a client before a tribunal, with its permission if required by its rules, shall withdraw from employment and a lawyer representing a client in other matters shall withdraw from employment, if he is discharged by his client. A violation of this standard may be punished by public reprimand."

Standard 23 provides: "A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned. A violation of this standard may be punished by a public reprimand."

this Standard."

Regarding Standard 23, the special master found as follows: "I find as a matter of fact that Mr. Collins was dismissed from employment and accordingly, should have withdrawn from his representation of Mr. Brown and promptly refunded that portion of the fee which was not earned as well as the amounts retained for costs. I find as a matter of fact that Mr. Collins has wilfully refused to refund the unearned fee and costs, that he continues to contend that he has the right to prosecute the case, and that this contention is without merit."

The State Disciplinary Board adopted the special master's findings and conclusions and recommends public reprimand.

Mr. Collins argues that Standards 21 and 23 are inconsistent under the facts of this case, that Standard 23 is not applicable because he has not "withdrawn" from employment but is still willing to appeal Brown's conviction, and that an attorney cannot afford to withdraw from a criminal case without a court order.

We approve the special master's findings and conclusions. Within a few days after his employment, Collins was notified in writing that he was discharged. There is no evidence that he attempted to obtain a court order allowing him to withdraw. Instead, the evidence shows that he told the defendant's sister that he would not give her $1,000 back and told the defendant he does not return money when he starts a case.

The requirement of Standard 23 that an unearned fee be refunded is applicable when a lawyer is discharged by the client just as it is applicable when a lawyer withdraws from employment.

The recommendation that the respondent be given a public reprimand is approved and adopted. The Chairman of the State Disciplinary Board is hereby authorized and directed to prepare a public reprimand to be read in open court by a judge of the superior court in the county of respondent's residence and in respondent's presence, pursuant to Rule 4-220 of the State Bar of Georgia.

*It is so ordered. All the Justices concur.*

DECIDED SEPTEMBER 10, 1980.

*Omer W. Franklin, Jr., General Counsel State Bar, Victor Alexander, Jr., Assistant General Counsel State Bar,* for State Bar of Georgia.

*O. L. Collins,* pro se.