A93A0211. STAPLETON et al. v. COLONIAL INSURANCE COMPANY OF CALIFORNIA.
(434 SE2d 116)

BIRDSONG, Presiding Judge.

Judy Johnson Stapleton, Ashley Nicole Johnson, Paul Edward Stapleton, and Paul Edward Stapleton III (collectively "Stapleton") appeal from the grant of summary judgment to Colonial Insurance Company of California in a declaratory judgment action. The record shows Stapleton obtained two policies of automobile insurance from Colonial, but as she did not make timely payments of premiums on the policies, Colonial sent notices canceling the policies for non-payment. Later, Stapleton was in an automobile accident and when claims were filed against the policy, Colonial filed a declaratory judgment action seeking a determination of coverage under the policies. *Held*:

1. Although no suit was pending against Colonial, this is a proper declaratory judgment action. *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 18 (413 SE2d 450).

2. Stapleton correctly asserts there are four requirements for proper cancellation of an automobile insurance policy by mail: The policy must provide for cancellation; a post office certified receipt must be obtained; the cancellation notice must be sent to the insured's last known address; and the evidence must show that the envelope mailed contained the statutory cancellation notice. OCGA § 33-24-44; *Bituminous Cas. Co. v. Renfroe*, 130 Ga. App. 621 (204 SE2d 317). Stapleton's contention that Colonial failed to satisfy these requirements, however, is without merit.

Stapleton's attack on the Colonial supervisor's affidavit for lack of actual knowledge of the events in this case seeks to impose a requirement not recognized in our law. This affidavit shows the supervisor was the custodian of the documents showing that the notice of cancellation of Stapleton's policy was properly mailed, and the purpose of her affidavit was to satisfy the criteria necessary for admissibility of these documents as business records. See OCGA § 24-3-14 (b). Accordingly, it is not required that this supervisor have actual personal knowledge of the preparation of and mailing of the notice. OCGA § 24-3-14 (c); *Allstate Ins. Co. v. Buck*, 96 Ga. App. 376, 378 (100 SE2d 142).

Moreover, the absence of the signature of the postal clerk on the receipt is not fatal, since the document has the official U. S. postal service stamp showing receipt by the U. S. postal service. See *Mad-*

*dox v. Allstate Ins. Co.*, 164 Ga. App. 21, 22 (296 SE2d 84); *Hill v. Allstate Ins. Co.*, 151 Ga. App. 542, 543 (260 SE2d 370).

3. Stapleton also contends that summary judgment was improperly granted because the cancellation of the policy was not effective as Colonial did not establish that the notice required by the former OCGA § 33-34-11 (a) (1) was sent to the Georgia Department of Public Safety. See *Ga. Farm &c. Ins. Co. v. Phillips*, 251 Ga. 244 (304 SE2d 725). The record shows Colonial sought to establish that notification was made with an affidavit that states "a copy of the FR4 notice directed to the Georgia Department of Public Safety . . . on June 5, 1989, regarding the policy of insurance issued by [Colonial] to [Stapleton] which was cancelled upon the 5th of June, 1989." The affidavit further states that Colonial made a memorandum or record of the mailing of the FR4 notice to the Department of Public Safety at or near the time of mailing of the notice to the Department.

Examination of Exhibit C, however, reveals that it is not a copy of the FR4 form. Instead, the exhibit apparently is a copy of another form that has information about Stapleton, her automobile, and the insurance policy, but does not refer to the Department of Public Safety. The only possible reference on the exhibit to either the Department of Public Safety or FR4 is a handwritten notation stating: "FR4 - 6/9 Notice to State." The exhibit, however, also contains another notation that states: "Mailed 6/5/89." Viewing this exhibit in the light most favorable to Stapleton (OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)) and giving her the benefit of all reasonable doubts, construction of the evidence, and all inferences and conclusions (*Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843)), we cannot reasonably infer from this exhibit that a FR4 concerning Stapleton was duly sent to the Georgia Department of Public Safety. Therefore, as Colonial has failed to satisfy a condition precedent to cancellation of the policy by showing that the required notice was sent to the Department of Public Safety (*State Farm Mut. Auto. Ins. Co. v. Butler*, 207 Ga. App. 449, 451 (428 SE2d 386)), the grant of summary judgment must be reversed.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 6, 1993 —
RECONSIDERATION DENIED JULY 28, 1993.

*Karen J. Rice*, for appellants.

*Karsman, Brooks & Callaway, D. Campbell Bowman, Jr.*, for appellee.