A97A0903. ALLSTATE INSURANCE COMPANY v. ACKLEY et al.
(488 SE2d 85)

Judge Harold R. Banke.

Allstate Insurance Company ("Allstate") appeals an order granting summary judgment to its insureds John and Sharon Ackley. Allstate enumerates two errors.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the undisputed facts reveal that this case arose after one of the Ackleys' cars was involved in a May 13, 1995 accident and Allstate denied coverage. The Ackleys' premium period on the policy at issue extended from February 5, 1995 to August 5, 1995.[1] They opted to

---

[1] The record shows that the Ackleys had purchased several policies from Allstate. The policy at issue, 021 711221, covered the Ackleys 1990 Ranger and a 1987 Escort, as well as the Metro, on May 4, 1995. The record shows that a 1987 Escort was also insured on policy 645522113.

pay the premiums on a monthly basis, with each $120.25 payment due on the fifth day of the month. Allstate posted their February payment on February 8, their March payment on March 11, and their April payment on April 20.[2]

On April 15, Allstate sent the Ackleys a cancellation notice which stated, "The insurance afforded under your policy will be terminated if we do not receive the Minimum Amount Due by the Cancel Date. Cancellation will be effective at 12:00 a.m. Standard Time on May 5." The notice stated that the minimum amount due was $237.50, reflecting a past due amount of $117.25 for April and May's payment. It also advised the Ackleys to contact their agent if they had any questions about the cancellation notice.

On April 17, 1995, John Ackley sold one of the vehicles covered by the policy and purchased the car involved in the accident at issue, a Geo Metro. On April 19, he contacted his insurance agent and received an insurance identification card for the new car with the understanding that his May premium could change to reflect the new coverage. Allstate's paperwork reflecting this transaction indicates that the effective date of the Metro's addition to the policy was April 20, 1995. Although Ackley attested that he took his cancellation notice to the agent so he would have the policy number, the agent did not remind Ackley that any payments were due or inform him that his coverage was in jeopardy. Allstate received and accepted the Ackleys' $120.25 April payment on April 20.

On May 4, Allstate issued an amendment to the Ackleys' policy to add the car at issue. Allstate received and accepted the Ackleys' May payment of $120.25 on May 19, six days after the accident. After accepting this payment, Allstate informed the Ackleys that their premium had increased.

Allstate premised its denial of coverage on the ground that the policy had lapsed on May 5. Allstate contended that the policy was reinstated upon receipt of the $120.25 May payment.

The trial court found that the Ackleys were covered on May 13, the date of the accident because coverage was reinstated on April 20, the date Allstate accepted the April payment. It determined that Allstate's notice of cancellation would have been effective to cancel the policy, had Allstate not accepted the April payment, which rendered the notice ineffective as to the late May payment. *Held*:

1. Allstate contends that the trial court considered unspecified evidence inadmissible for lack of foundation due to the Ackleys' failure to comply with OCGA § 9-11-29.1. Allstate's failure to raise this

---

[2] During the ten years in which the Ackleys were Allstate insureds, Allstate had accepted their numerous late payments. Allstate admitted it had issued ten cancellation notices on the policy at issue over the years, but had never canceled it.

issue in the trial court precludes us from addressing it. *Love v. State*, 199 Ga. App. 482 (1) (405 SE2d 308) (1991); *Hill v. Delta Air Lines*, 143 Ga. App. 103 (2) (237 SE2d 597) (1977).

Allstate also contends that the trial court failed to consider the entire record, specifically, Allstate's responsive pleadings to the Ackleys' interrogatories and requests for admission. This argument is undercut by the fact that it was incumbent on Allstate to ensure these documents were included in the record, if judicial consideration of them was desired. OCGA § 9-11-29.1 (a) (3).

2. The trial court properly granted summary judgment. The methods for proper cancellation of insurance policies set forth in OCGA § 33-24-44 are mandatory and strictly construed against the insurer. *Travelers Indem. Co. v. Guess*, 243 Ga. 559, 560 (1) (255 SE2d 55) (1979). By statute, the Ackleys were entitled to ten days notice before effective cancellation. OCGA § 33-24-44 (d). Moreover, the policy guaranteed the Ackleys at least ten days notice before cancellation for non-payment. Because Allstate's acceptance of the April payment rendered the notice of cancellation posted April 15 ineffective, cancellation in May required additional notice. See *Pennsylvania Nat. &c. Co. v. Person*, 164 Ga. App. 488 (1), 489-490 (297 SE2d 80) (1982) (notice of cancellation given before premium was due is ineffective); *American &c. Ins. Co. v. Hartsfield*, 147 Ga. App. 213, 215-216 (4) (248 SE2d 518) (1978). The fact that Allstate accepted the Ackleys' May payment contradicts its contention that it canceled the policy.

Notwithstanding its claim that an additional notice was sent on April 20, Allstate has presented no evidence that it sent the Ackleys any other cancellation notice. Compare *Stapleton v. Colonial Ins. Co. &c.*, 209 Ga. App. 674 (2) (434 SE2d 116) (1993); see Court of Appeals Rule 27 (c) (3) (i). Allstate provided no evidence of a second cancellation notice, a post office receipt, or mailed envelope containing the statutory cancellation notice for the purported second mailing. *Bituminous Cas. Co. v. Renfroe*, 130 Ga. App. 621, 623 (1) (204 SE2d 317) (1974) (physical precedent only). Nor does the affidavit of Toni Wade provide support. Wade attested only that, "It is the practice of Allstate Insurance Company to mail a special notice to the insured where insufficient cash input is received . . . [to] inform[ ] the insured that the policy will not be reinstated unless the entire amount due is received by the cancellation date." Wade never stated that a second notice was actually mailed to the Ackleys after April 18. In the absence of evidence of such notice, we agree with the trial court's conclusion that coverage continued into May. OCGA § 33-24-44 (d); *Person*, 164 Ga. App. at 490 (1) (notice requirements strictly construed).

The facts that Allstate accepted the late April payment without

restriction, issued the insurance identification card on the new car and added the new car to the policy support this result. Where one's course of conduct leads another to believe that he will not insist upon the strict terms of a contract, one may not complain because the other contracting party relies upon his acquiescence, as evidenced by his actions in similar situations. OCGA § 13-4-4.

Allstate presented no argument or authority in support of that portion of its enumeration challenging the denial of its motions for judgment on the pleadings or to dismiss. Therefore, these purported errors are deemed abandoned. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 17, 1997 —
RECONSIDERATION DENIED JULY 2, 1997 — 

*Bonne K. Cole*, for appellant.
*Almand & Wiggins, O. Hale Almand, Jr., Debra J. Csikos-Vandrasik*, for appellees.

