A08A1273, A08A1274. NASH v. STUDDARD; and vice versa.
(670 SE2d 508)

SMITH, Presiding Judge.

In these consolidated appeals, we must determine whether the trial court properly granted summary judgment in part, and denied it in part, in this case filed by a client, Robert Nash, against his former attorney, James Studdard. Nash fired Studdard less than two months after retaining him and filed a lawsuit seeking a return of the $5,000 retainer he had paid Studdard. The trial court granted summary judgment in Studdard's favor on Nash's claims for negligent misrepresentation, fraud, breach of fiduciary duty, and punitive damages. Studdard's motion for summary judgment on Nash's breach of contract claim and his claim for attorney fees under OCGA § 13-6-11 were denied.

For the reasons set forth below, we affirm the trial court's grant of summary judgment to Studdard on Nash's claims for fraud, breach of fiduciary duty, and punitive damages. We affirm in part and reverse in part the trial court's denial of Studdard's motion to dismiss for failure to comply with OCGA § 9-11-9.1.[1] We reverse the trial court's denial of summary judgment to Studdard on Nash's claim for attorney fees under OCGA § 13-6-11.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. *Allstate Ins. Co. v. Ackley*, 227 Ga. App. 104 (488 SE2d 85) (1997). We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences favorably to

---

[1] Nash does not assert on appeal that the trial court erred by dismissing his negligence claims.

the nonmovant. *Kennesaw Flooring v. Rector*, 291 Ga. App. 704 (662 SE2d 808) (2008).

So viewed, the record shows that Nash retained Studdard to represent him in a criminal case alleging that he had committed aggravated stalking. Less than two months later, Nash fired Studdard and retained another attorney.

According to Nash, he fired Studdard on April 12, 2006, in a telephone call. Studdard admits that he had a conversation with Nash in which Nash expressed frustration about "the time it took for him to get a bond and the amount of time he ha[d] spent in jail." Nash also disagreed with Studdard's recommendation to waive a preliminary hearing. According to Studdard, he asked Nash to "come by his office to discuss the case." Nowhere in the record before us does Studdard deny that Nash fired him on April 12, 2006.

On April 13, 2006, Nash sent two letters to Studdard terminating his employment and asking for an immediate return of the $5,000 retainer paid on March 23, 2006, one by regular mail and the other by certified mail. Nash testified in his deposition that, based upon his experience as a postal service manager, he believed Studdard should have received the regular mail letter on April 14, 2006. Studdard claims he did not receive Nash's letter until April 24, 2006, the same date a certified mail receipt shows that Studdard signed for it.

The same day that Nash wrote the April 13, 2006 letter firing Studdard, Studdard wrote a letter to Nash, apparently because Nash never came to his office. In his letter, Studdard recounted all of the action he took on Nash's behalf since he was retained on March 23, 2006. He promised to attend the preliminary hearing, denied that he had neglected Nash, and asked Nash "to let me conduct this case." He concluded the letter by stating, "If we are failing to communicate (as you have suggested), I suggest you come to the office (at your convenience) and articulate your feelings of discomfort."

On April 17, 2006, Studdard sent another letter to Nash advising him that "[s]ince our last conversation (and letter), I have spoken with the DeKalb County District Attorney office on two more occasions." On April 20, 2006, Studdard sent another letter to Nash in which he reminded Nash "of our agreement and contract" and that "the fee is non-refundable." After explaining that his charges were a flat fee, he advised Nash that "when one attempts to breach a legal contract, such as you are attempting, I then offer a breakdown of my services, such as the one I sent to you April 13, 2006." He estimated that he had spent "conservatively, 24 hours of preparation in your case, which includes, two trips to DeKalb County, a bond hearing, and many calls and conferences." Based on Studdard's claimed fee of $300 per hour, he claimed that Nash would owe him

"approximately $7,200.00" if he had been billed hourly. Studdard concluded the letter by offering to continue representing Nash and refusing to refund any monies paid.

When asked in a request for admission to acknowledge that he continued to represent Nash after he was fired, Studdard replied, "See attached summary." Based on our review of the record before us, none of the documents produced by Studdard support a denial of the request for admission. When asked to admit that he "did not work 24 hours on Robert Nash's criminal case in DeKalb County Superior Court," Studdard responded that he could "neither admit nor deny the assertion of this paragraph and further shows that the contract was a flat fee contract."

After unsuccessfully attempting to obtain a refund of his $5,000 retainer, Nash filed the lawsuit at issue in this appeal and asserted the following causes of action against Studdard: breach of contract, fraud and deceit, breach of fiduciary duty, and negligent misrepresentation. As damages, Nash sought a return of the $5,000 retainer fee he had paid Studdard and punitive damages, as well as attorney fees and litigation expenses allowed under OCGA §§ 13-6-11 and 51-12-7. Nash did not attach an expert witness affidavit to his complaint.[2] See OCGA § 9-11-9.1.

Studdard subsequently moved for summary judgment on all counts of Nash's complaint. In his motion, Studdard asserted that: (1) all counts in the complaint should be dismissed because they sounded in professional malpractice and Nash failed to comply with the expert affidavit requirements of OCGA § 9-11-9.1; (2) Nash's claims against him could not satisfy all of the required elements for a fraud claim; (3) Nash failed to present a viable breach of fiduciary duty claim; (4) punitive damages were not warranted as a matter of law; and (5) the record failed to support a claim of bad faith.

The trial court granted summary judgment to Studdard on Nash's claims for negligent misrepresentation, fraud, breach of fiduciary duty, and punitive damages. In so holding, the trial judge concluded that there was "no evidence in the record that Defendant committed an intentional harm to Plaintiff." It denied Studdard's motion for summary judgment on Nash's breach of contract claim, as well as his OCGA § 13-6-11 bad faith claim. Based upon Nash's promise to dismiss his negligent misrepresentation claim, the trial

---

[2] After Studdard moved to dismiss Nash's complaint based on a failure to comply with OCGA § 9-11-9.1, Nash submitted an affidavit from an attorney. In its summary judgment order, the trial court noted that the affidavit was signed by an attorney who "was not an active member in good standing with the State Bar of Georgia" and had been "suspended for nonpayment of dues."

court granted summary judgment to Studdard on this claim "out of an abundance of caution."

## Case No. A08A1273

1. Nash asserts the trial court erred by granting summary judgment to Studdard on his fraud claim. We disagree.

In order to present a valid claim for fraud, a plaintiff must show (1) that the defendant made a material misrepresentation; (2) that at the time he knew it was false; (3) that he made it intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the misrepresentation; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of its having been made. *Parrish v. Jackson W. Jones, P.C.*, 278 Ga. App. 645, 647-648 (2) (629 SE2d 468) (2006). "To establish a cause of action for fraud, a plaintiff must show that actual damages, not simply nominal damages, flowed from the fraud alleged. [Cits.]" *Glynn County Fed. Employees Credit Union v. Peagler*, 256 Ga. 342, 344 (2) (348 SE2d 628) (1986).

Nash asserts in his second amended complaint that Studdard committed fraud by: (a) making a misrepresentation "to the DeKalb County District Attorney that he was plaintiff's attorney although defendant knew he was fired from such duties"; (b) making a misrepresentation "to plaintiff that he was not entitled to a refund of payments because the contract was non-refundable"; and (c) making a misrepresentation "to plaintiff that he had worked 24 billable hours on plaintiff's case." Nash asserts that he was damaged by these misrepresentations because he "was deceived of $5,000 of his retainer fee." In his summary judgment brief, Nash argued that Studdard made all of these alleged misrepresentations in an effort "to justify keeping the $5,000 fee." In addition to the return of the retainer fee, Nash sought general damages for "embarrassment, humiliation, anxiety, mental anguish, sleeplessness, irritability, and headaches."

Based on the record before us, no genuine issue of material fact exists with regard to Nash's reliance upon these alleged misrepresentations to his detriment. Nash had already paid the $5,000 retainer to Studdard at the time the alleged misrepresentations were made. While he may have lost the use of any unearned fee to which he was entitled, this loss of use would not flow from reliance upon the alleged misrepresentations. Instead, it would flow from Studdard's refusal to refund any portion of his retainer. Likewise, Nash cannot demonstrate that any of his claimed mental injuries resulted from reliance upon Studdard's alleged misrepresentations.

Because no action, or inaction, was taken by Nash in reliance upon Studdard's alleged misrepresentations, his fraud claim fails.

*Bacote v. Wyckoff*, 251 Ga. 862, 866 (1) (310 SE2d 520) (1984). "So long as one essential element under any theory of recovery is lacking the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements." (Citation and punctuation omitted.) *Butler v. Terminix Intl.*, 175 Ga. App. 816, 818 (2) (334 SE2d 865) (1985). The trial court did not err by granting summary judgment to Studdard on Nash's fraud claims.

2. Nash asserts the trial court erred by granting summary judgment in Studdard's favor on his breach of fiduciary duty claims. On appeal, Nash asserts that Studdard violated his fiduciary duty in the following ways: "failing to apply his best skill, zeal, and diligence in representing" him by waiting nine days before filing a motion for bond; "failing to communicate with [him] about his case" by failing to accept his phone calls from jail and failing to discuss strategy with him; inducing Nash to sign a nonrefundable fee contract; refusing to return unearned fees; telling Nash he was not entitled to a fee refund because the contract was nonrefundable; sending letters to Nash to try "to intimidate him from ending the contract"; failing to attend Nash's first appearance in magistrate court; and misrepresenting that he had worked 24 hours on Nash's case. We cannot consider all of these claims on appeal, however, because Nash did not raise them below and they were not ruled upon by the trial court. *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 828-829 (2) (573 SE2d 389) (2002).

> Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court. If the rule were otherwise, a party opposing a motion for summary judgment need not raise any legal issue, spend the next year thinking up and researching additional issues for the appellate court to address, and require the opposing party to address those issues within the narrow time frame of appellate practice rules.

(Citations and footnote omitted.) Id. at 829 (2).

Based upon our careful review of the record below, only the following breach of fiduciary duty claims are properly before us: (a) failing to discuss trial strategy with Nash; (b) refusing to return unearned fees; and (c) misrepresenting that he had worked 24 hours on Nash's case. Consequently, we will now analyze whether a genuine issue of material fact exists with regard to these breach of fiduciary claims.

"It is well settled that a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the

breach." (Citations, punctuation and footnote omitted.) *Ansley Marine Constr. v. Swanberg*, 290 Ga. App. 388, 391 (1) (660 SE2d 6) (2008). "Whether and to what extent a lawyer has a fiduciary duty to a client depends on the facts in each case." *Tante v. Herring*, 264 Ga. 694, 695 (2), n. 4 (453 SE2d 686) (1994). This court has previously held that a lawyer "had fiduciary duties to be loyal to [his client], to exercise the utmost good faith to him, to apply [his] best skill, zeal[,] and diligence in representing him and to avoid interests or actions that were incompatible with [his client]'s." (Citations and footnote omitted.) *Nelson & Hill, P.A. v. Wood*, 245 Ga. App. 60, 67 (3) (537 SE2d 670) (2000).

(a) Nash's claim for breach of fiduciary duty based upon Studdard's alleged failure to communicate trial strategy fails because he has not demonstrated that any damage resulted from this alleged breach. See *Willett v. Russell M. Stookey, P.C.*, 256 Ga. App. 403, 411-412 (7) (568 SE2d 520) (2002) ("some injury is necessary to show even nominal damages for a breach of fiduciary duty").

(b) We must now determine whether genuine issues of material fact exist with regard to Nash's breach of fiduciary duty claim based upon Studdard's alleged refusal to return unearned portions of his fee. A nonrefundable fee contract is invalid in Georgia, and a lawyer has an obligation to return the unearned portion of any retainer fee after being fired by a client. See *AFLAC v. Williams*, 264 Ga. 351, 353 (1) (444 SE2d 314) (1994) (client has right to fire attorney without losing portion of retainer); *In the Matter of Collins*, 246 Ga. 325 (271 SE2d 473) (1980) (lawyer in criminal case should return unearned portion of retainer after client terminated his services).

In this case, Studdard averred that, if he were to represent a criminal defendant on an hourly basis,[3] he would charge $300 per hour. Therefore, Studdard would have had to work a little over 16 hours on Nash's case to earn the entire $5,000 retainer. The only competent evidence on this issue is Studdard's pre-litigation estimate that he "conservatively" spent 24 hours on Nash's case.

We find no merit in Nash's claim that his expert affidavit creates a genuine issue as to whether Studdard earned his entire fee. Assuming, without deciding, that we should consider an affidavit from an attorney who is suspended for nonpayment of State Bar dues, the affidavit fails to create a genuine issue as to the reasonableness of the number of hours worked by Studdard or his hourly

---

[3] The record shows that Studdard has never charged a client $300 per hour in a criminal case because he has never represented a criminal client on an hourly basis.

rate. The expert affidavit merely states that the affiant attorney's "general rate for a bond hearing in DeKalb County Superior Court is $500.00."

We also agree with the trial court's conclusion that the phone records submitted by Nash fail to demonstrate that Studdard did not make the phone calls that support his claim for working 24 hours on the case. As noted by the trial court, Nash obtained only Studdard's office phone records, and Studdard "certainly may have made phone calls from a cell phone or another phone."

Finally, Studdard's response to Nash's request for admissions fails to create a genuine issue of material fact. Studdard stated there that he could "neither admit nor deny" that "he did not work 24 hours" on Nash's case and stated in further response "that the contract was a flat fee contract." Nash, however, did not seek a ruling from the trial court that this answer was insufficient and should be treated as an admission. A "motion to determine in a hearing the sufficiency of answers is necessary before responses to request for admissions may be deemed insufficient and deemed admitted." *Clements v. Toombs County Hosp. Auth.*, 175 Ga. App. 651, 653 (1) (334 SE2d 188) (1985). As a result, we cannot use this response to find a genuine issue of material fact as to whether Studdard worked 24 hours on Nash's case.

(c) Nash's claim that Studdard breached his fiduciary duty by falsely claiming that he worked 24 hours on Nash's case fails because Nash failed to submit any competent evidence showing that Studdard may not have actually worked this amount of time.

3. Nash asserts the trial court erred by granting summary judgment on his claim for punitive damages. We disagree. Punitive damages may only be awarded in tort actions in which there is a valid claim for actual damages. *Nelson & Hill*, supra, 245 Ga. App. at 68 (3). Based on our conclusion that Studdard was entitled to summary judgment in his favor on Nash's claims for fraud and breach of fiduciary duty, Nash's claim for punitive damages also fails. Id.

### Case No. A08A1274

4. Studdard argues that the trial court erred by denying his motion for summary judgment on Nash's claim for bad faith attorney fees under OCGA § 13-6-11. In support of this argument, Studdard points to the following reasoning by the trial judge:

Plaintiff has made a claim for attorney's fees for bad faith and stubborn litigiousness. While the Plaintiff has not shown in the record at this time that Defendant has acted in such a manner, the case is still pending, and the claim for

attorney's fees may still properly be made after the conclusion of the case, upon proper showing by Plaintiff.

We agree with Studdard's claim that the trial judge should not have deferred ruling after concluding that the record failed to show bad faith. This is not the end of our inquiry, however, as we must review summary judgment orders de novo based on the evidence before the trial court. Additionally, when an issue is properly before this court, we will affirm a trial court's summary judgment decision if it is right for any reason. *Dixon v. Infinity Broadcasting East*, 289 Ga. App. 71, 74 (2) (656 SE2d 211) (2007).

Attorney fees may be recovered "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . ." OCGA § 13-6-11. "A recovery for stubborn litigiousness or causing unnecessary trouble and expense is authorized if no bona fide controversy or dispute existed as to the defendant's liability." (Citations omitted.) *Wilen v. Murray*, 292 Ga. App. 30, 33 (2) (663 SE2d 403) (2008). "[A]ttorney fees are not authorized under OCGA § 13-6-11 if the evidence shows that a genuine dispute exists — whether of law or fact, on liability or amount of damages, or on any comparable issue." (Citations and punctuation omitted.) *M & H Constr. Co. v. North Fulton Dev. Corp.*, 238 Ga. App. 713, 714 (1) (519 SE2d 287) (1999). "[I]t is for the jury to determine whether there was a bona fide controversy, unless the facts preclude such a finding as a matter of law." (Citation and punctuation omitted.) *Webster v. Brown*, 213 Ga. App. 845, 846 (2) (446 SE2d 522) (1994).

Nash argues on appeal that a genuine issue exists as to whether Studdard acted in bad faith when he placed the nonrefundable fee provision in his retainer agreement. The record, however, shows that Nash did not make this argument below. As a result, we will not consider it for the first time on appeal. *Pfeiffer*, supra, 275 Ga. at 828-829 (2).

The only potential argument raised by Nash below and on appeal is that Studdard has been stubbornly litigious because he failed to refund unearned portions of his retainer fee and forced Nash to file suit by refusing to settle. Based on our conclusion that Nash has failed to demonstrate a genuine issue of material fact as to whether Studdard earned his entire $5,000 retainer fee, we reverse the trial court's denial of summary judgment in Studdard's favor on Nash's claim for attorney fees under OCGA § 13-6-11.

5. Studdard asserts that the trial court erred by failing to grant his motion to dismiss Nash's breach of contract claims based upon Nash's failure to attach an expert affidavit to his complaint. "Our Supreme Court has limited the application of OCGA § 9-11-9.1 to

actions for professional negligence." (Citations and footnote omitted.) *Walker v. Wallis*, 289 Ga. App. 676, 678 (658 SE2d 217) (2008). "The determinative factor is whether the task in question requires the exercise of professional judgment and skill." (Citation and punctuation omitted.) *King v. Dodge County Hosp. Auth.*, 274 Ga. App. 44, 46 (616 SE2d 835) (2005). "[T]hose claims grounded on a professional's *intentional* acts which allegedly resulted in injury to one with whom the professional had a professional relationship are not required to be accompanied by an expert affidavit." (Citations, punctuation and footnote omitted.) *Walker*, supra, 289 Ga. App. at 678. When deciding whether a complaint should be dismissed for failing to comply with OCGA § 9-11-9.1, we must "treat all well-pled material allegations by the nonmovant as true and all denials by the movant as false." (Citations, punctuation and footnote omitted.) *Smith v. Morris, Manning & Martin, LLP*, 264 Ga. App. 24, 26 (589 SE2d 840) (2003) (physical precedent only on other grounds).

In this case, Nash did not allege that Studdard *intentionally* breached the contract. Compare *Smith*, supra, 264 Ga. App. at 26-27 (amended complaint alleged that "law firm *intentionally* breached a contract"); *Walker*, supra, 289 Ga. App. at 678-679 (complaint asserted that law firm "*intentionally* breached a contract"). Therefore, to resolve the issue of whether an expert affidavit was required, we must determine whether this claim calls into question the exercise of Studdard's professional skill and judgment.

Nash fails to specify in his complaint *how* Studdard allegedly breached the contract. Instead, he merely alleges that "despite repeated demands by plaintiff," defendant has breached a contract for legal services with plaintiff. On the face of the complaint, therefore, we cannot determine whether Nash's breach of contract claim against Studdard involved the use of Studdard's professional judgment and skill.

In a similar case involving the applicability of OCGA § 9-11-9.1, we concluded that this court "will not speculate on other evidence which [the plaintiff] could produce in support of the broad allegations of the complaint." *Health Mgmt. Assoc. v. Bazemore*, 286 Ga. App. 285, 288 (648 SE2d 749) (2007). The appropriate course in such a case is to grant the motion to dismiss to the extent the complaint asserts a breach of contract claim involving the exercise of professional judgment, and to deny the motion to dismiss to the extent the complaint asserts a claim for ordinary breach of contract. Id. Here, the trial court erred by denying Studdard's motion to dismiss any breach of contract claims involving the exercise of professional judgment and skill. Id. It correctly denied the motion to the extent that Nash sought damages for ordinary breach of contract. Id. We

therefore must affirm in part and reverse in part the trial court's denial of Studdard's motion to dismiss.

In conclusion, in Case No. A08A1273, we affirm the trial court's grant of summary judgment to Studdard on Nash's claims for fraud, breach of fiduciary duty, and punitive damages.

In Case No. A08A1274, we affirm in part and reverse in part the trial court's denial of Studdard's motion to dismiss for failure to comply with OCGA § 9-11-9.1, and we reverse the trial court's denial of Studdard's motion for summary judgment on Nash's claim for attorney fees and litigation expenses under OCGA § 13-6-11.

We note that Studdard did not assert in this appeal that the trial court erred by finding a genuine issue of material fact exists as to whether Studdard breached his contract with Nash. Any breach of contract claim not involving Studdard's professional judgment and skill will therefore remain pending below.

*Judgment affirmed in Case No. A08A1273. Judgment affirmed in part and reversed in part in Case No. A08A1274. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 25, 2008.

*Michael O. Mondy*, for appellant.
*Goodman, McGuffey, Lindsey & Johnson, Frederick R. Green*, for appellee.