[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11284
Non-Argument Calendar
_____

D. C. Docket No. 1:11-cv-02875-JEC

SABRINA LAJUAN MCWEAY,

Plaintiff-Appellant,

versus

CITIBANK, N.A.,
As Trustee by EMC Mortgage
Corporation, Its Servicing Agent,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 5, 2013)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* Plaintiff-Appellant Sabrina McWeay ("McWeay") appeals the district court's order granting Defendants-Appellees Citibank, N.A. and JPMorgan Chase Bank, N.A.'s (collectively "Appellees") motion to dismiss.[1]  After reviewing the record and briefs, we affirm the judgment of dismissal.

I.

McWeay owns real property at 1516 Justine Way, Mableton, Georgia ("the property").  Southstar Funding, LLC ("Southstar") financed the purchase of the property in 2006.  At that time, McWeay signed a promissory note in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") and a security deed in favor of Southstar.  MERS, as nominee for Southstar, assigned the rights and interest in the property to Citibank in January 2011.  JPMorgan Chase Bank, N.A., successor to EMC Mortgage Corporation, services the loan for Citibank.

In July 2011, McWeay filed a "Verified Emergency Petition for Emergency Restraining Order Restraining Order [sic] and/or Preliminary Injunction" (the "Complaint") in the Superior Court of Cobb County against "Citibank, N.A. As Trustee By, EMC Mortgage Corporation, Its Servicing Agent."  [R.1-1 at 1.]  In the Complaint, McWeay alleges that Appellees violated the Fair Debt Collection

---

[1] We note that JPMorgan Chase Bank, N.A. is not identified as a defendant on the docket sheet of the district court or as an appellee on the docket sheet of this court.  However, JPMorgan Chase Bank, N.A., has appeared and defended its interests alongside Citibank, N.A. in both courts.

Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692g(b), by failing to respond to her request for verification of her debt, and the Real Estate Settlement Procedures Act ("RESPA"), *see* 12 U.S.C. § 2605(e), by not responding to her qualified written request for information about her mortgage loan.  The complaint vaguely alleges that Appellees attempted to perpetrate a fraud and to wrongfully foreclose on the property, and that the completion of a foreclosure sale would violate McWeay's constitutional right to due process.  The complaint requests equitable relief in the form of a TRO or preliminary injunction to prevent foreclosure until Citibank responds to her requests for documents.  The complaint also seeks other equitable relief, including an order compelling Appellees to produce certain documents, verify the debt and other loan information, comply with certain statutes, and award costs and fees.

The parties consented to a TRO in Georgia superior court enjoining Citibank from foreclosing on McWeay's property through October 3, 2011.  Meanwhile, Citibank removed the case to the United States District Court for the Northern District of Georgia and moved to dismiss McWeay's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  McWeay opposed the motion to dismiss.

3

A magistrate judge entered a report and recommendation recommending that the district court (1) grant the motion to dismiss; (2) dismiss McWeay's claims with prejudice, except for her RESPA claim for failure to respond to a borrower's inquiry, which the magistrate judge recommended should be dismissed without prejudice; and (3) deny as moot McWeay's motion to compel and motion for jury trial. McWeay filed no objections to the report and recommendation, but she did file an amended complaint and second amended complaint while the report and recommendation remained pending.[2] On November 9, 2011, the district court entered an order adopting the recommendation ("the dismissal order") and the case was dismissed the same day.

On November 15, McWeay filed a "Motion for Order Reversal on Basis of Inconsistent Factual Assertion," which asserted that McWeay had filed amendments to provide more accurate evidence supporting her claims, and that the

---

[2] Apparently, McWeay believes that her amended pleadings served as written objections to the magistrate's report and recommendation pursuant to 28 U.S.C. § 636(b)(1). [*See, e.g.*, R. 25 at 14; R. 28 at 14–15; Appellant's Corrected Br. at 21 ("The District Court['s] dismissal *based on Plaintiff['s] neglect to respond* to the Magistrate['s] R&R is a legally void judgment." (emphasis added)); Appellant's Reply Br. at 5–6.] However, neither of the amended pleadings filed after the entry of the magistrate judge's report and recommendation purports to be an objection to the magistrate judge's recommendation.

Furthermore, at the time that McWeay filed these and other amended pleadings, she was beyond the time allowed under Federal Rule of Civil Procedure 15(a)(1) to amend the complaint as a matter of course. Thus, she needed Citibank's consent or the district court's permission to file amended pleadings. *See* Fed. R. Civ. P. 15(a)(2). McWeay never filed a motion to amend her complaint. Hence, the operative pleading at issue in this case is McWeay's original complaint filed in Georgia superior court and attached to the notice of removal. [*See* R. 1-1.]

4

amended claims were adequate to survive Appellees' Rule 12(b)(6) motion.  The motion was in essence a motion for reconsideration of the dismissal order. McWeay also filed other pleadings and documents after the dismissal, including a motion to enter other documents into evidence.  The district court denied McWeay's motion for reconsideration on February 2, 2012.  McWeay then filed a notice of appeal on March 2, 2012, and an amended notice of appeal on March 6, 2012.  The district court granted her motion to proceed *in forma pauperis* on appeal.

On March 8, 2012, McWeay filed a motion requesting relief from judgment and requesting that U.S. District Judge Julie Carnes recuse herself from the case. The clerk of this court notified the parties that the effectiveness of McWeay's notice of appeal was suspended until the district court disposed of McWeay's tolling motion.  On June 7, 2012, the district court denied McWeay's motion to recuse but granted the motion for relief from judgment in part, amending the dismissal order *sua sponte* to clarify that McWeay's FDCPA claim was dismissed without prejudice.  McWeay's appeal then proceeded in this court.

## II.

"We review *de novo* a district court's dismissal of a complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for relief after

5

accepting the factual allegations of the complaint as true and considering them in the light most favorable to the plaintiff." *Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252 (11th Cir. 2013). When reviewing a motion to dismiss, we must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). A claim is facially plausible when we can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* We liberally construe a *pro se* litigant's pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

## III.

In both the initial brief and reply brief, McWeay makes numerous assertions that the district court has committed error and that she is entitled to relief. McWeay argues repeatedly that she is entitled to judgment as a matter of law or partial summary judgment in her favor, even though she never moved for summary judgment in the district court. She also makes several allegations about the evidence substantiating her claim that her mortgage was fraudulently or improperly assigned to Citibank. These arguments ignore that the district court dismissed the case on the basis of an insufficient pleading.

6

Moreover, as Citibank points out, many of the assertions in McWeay's brief were never properly raised in or addressed by the district court in its dismissal order. We generally will not consider issues or theories not raised before the district court. *F.D.I.C. v. Verex Assurance, Inc.*, 3 F.3d 391, 395 (11th Cir. 1993). McWeay contends that she has in fact presented these allegations and evidence in her amended pleadings and other documents filed after the magistrate judge entered his report and recommendation. For purposes of Appellees' Rule 12(b)(6) motion, the district court considered only the claims stated in the operative pleading (i.e., the complaint attached to the notice of removal). Consequently, we are considering none of the issues or assertions raised by McWeay in this appeal if those issues or assertions were not pled in her complaint or argued in her opposition to Citibank's motion to dismiss. We are reviewing only the propriety of the district court's dismissal of McWeay's complaint for failure to plead claims for which relief can be granted under either federal law or Georgia law.

## IV.

Concerning the propriety of the district court's dismissal order, McWeay asserts that she satisfied the pleading burdens placed upon her by Federal Rules of Civil Procedure 8(a) and 9(b). Appellees respond that the district court correctly dismissed McWeay's complaint because: (1) they are not "debt collectors" subject

7

to an FDCPA liability, and even if they were, the FDCPA does not offer equitable relief as a remedy; (2) McWeay is not entitled to relief under RESPA because she did not seek information "relating to the servicing of [her] loan"; (3) any fraud claim alleged in the complaint fails to meet the heightened pleading standard in Federal Rule of Civil Procedure 9(b); (4) McWeay is not entitled to production of the original promissory note under Georgia law; (5) McWeay's allegations fail to constitute a claim for wrongful foreclosure under Georgia law; and (6) McWeay has not been deprived of due process as a result of government action.  Appellees' arguments align with the district court's analysis.

After reviewing the magistrate judge's report and recommendation, we conclude that the district court liberally construed McWeay's complaint and correctly concluded that McWeay's pleading still failed to state a claim upon which relief could be granted.[3]  We summarily affirm the district court's dismissal

---

[3] McWeay contends that the district court nevertheless erred because it dismissed her *pro se* lawsuit without instructing her as to how her pleading was deficient and how to correct the deficiency.  [*See* Appellant's Reply Br. at 12 (citing *Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir. 1991) ("[I]t would have been appropriate for the district judge to explain the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly."))].  While we have said that "[c]ourts . . . should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education," we have consistently warned that "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).  Here, the magistrate judge's report and recommendation explains the deficiencies of McWeay's complaint.  The court was not obligated to direct McWeay to amend her pleading or to explain to her how to go about re-pleading her claims.  *See McNeil v.*

of McWeay's complaint based on the well-reasoned report and recommendation of the magistrate judge.

## V.

McWeay argues that the district court's dismissal order and order granting in part and denying in part her motion for relief from the judgment violate her constitutional rights to due process, equal protection, and a trial by jury. These contentions are meritless. The district court's compliance with and reliance upon the Federal Rules of Civil Procedure does not violate McWeay's or any litigant's constitutional rights. *See, e.g.*, *Garvie v. City of Ft. Walton Beach, Fla.*, 366 F.3d 1186, 1190 (11th Cir. 2004) (holding that dismissal pursuant to Federal Rule of Civil Procedure 56 did not violate the Seventh Amendment).

## VI.

For the foregoing reasons, we affirm the district court's judgment of dismissal.

**AFFIRMED.**

---

*United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993) (noting that the Supreme Court "h[as] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").