**In the Matter of Matthew Steven PRITCHETT, Candice Renee Pritchett, Debtors.**

**Griffin E. Howell, III, Chapter 7 Trustee for the Estate of Matthew Steven Pritchett and Candice Renee Pritchett, Plaintiff**

**v.**

**Gary L. Brown, Defendant.**

**Bankruptcy No. 12–11215–WHD.**

**Adversary No. 13–1057.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Signed July 17, 2014.

John A. Christy, Kelly L. Walsh, Schreeder, Wheeler & Flint, LLP, Atlanta, GA, for Plaintiff.

Gary L. Brown, pro se.

## *ORDER*

W. HOMER DRAKE, Bankruptcy Judge.

Currently before the Court is the *Motion for Summary Judgment* (hereinafter "Motion") filed by Griffin E. Howell, III (hereinafter the "Trustee"), Chapter 7 Trustee for the bankruptcy estate of Matthew Steven Pritchett and Candice Renee Pritchett (hereinafter the "Debtors"). The Motion arises in connection with Trustee's *Complaint to Avoid Lien and Security Interest as Preferential* against Gary L. Brown (hereinafter the "Defendant"). This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (F); § 1334.

Because the Defendant failed to respond to the allegations contained in paragraphs 1–10 of the Trustee's complaint, failed to respond to Trustee's requests for admissions, and failed to controvert the Trustee's statement of material facts made in accordance with this Motion, all facts included respectively therein are deemed admitted. *See* FED. R. BANKR.P. 7008(a) (incorporating FED.R.CIV.P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.")); FED. R. BANKR.P. 7036 (incorporating FED.R.CIV.P. 36(a)(3) & (b) ("A matter is admitted unless, within 30 days after being served [a request for admissions], the party to whom the request is directed serves on the requesting party a written answer or objection. . . . A matter admitted under this rule is conclusively established unless the court, on mo-

tion, permits the admission to be withdrawn or amended.")); BLR 7056–1(a)(2), N.D.Ga. ("All material facts contained in the moving party's statement that are not specifically controverted in respondent's statement shall be deemed admitted."); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1265 n. 1 (11th Cir.2003) (citing *U.S. v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir.1992)). Accordingly, the following constitutes the Court's findings of facts and conclusions of law.

### *Procedural History and Findings of Fact*

The Debtors purchased a 2002 BMW Model X5 bearing a vehicle identification number of "5UXFA53582LV72414" (hereinafter the "BMW") from Defendant.[1] In connection with the purchase of the BMW, the Debtors executed a promissory note, dated June 1, 2008, payable to Defendant in the original principal amount of $20,049.62. The note grants Defendant a security interest in the BMW. However, Defendant did not perfect the security interest until April 4, 2012, when he acquired the notation on the certificate of title. Twenty–Two days later, on April 26, 2012, the Debtors sought relief under Chapter 7 of the United States Bankruptcy Code.[2] The Trustee initiated this action on October 17, 2013. The Trustee's complaint seeks to avoid the security interest transferred to Defendant pursuant to 11 U.S.C. § 547(b) and seeks an award of attorney's fees in accordance with the Official Code of Georgia Annotated (hereinafter the "O.C.G.A.") § 13–6–11.

### *Summary Judgment Standard*

In accordance with Federal Rule of Civil Procedure 56 (applicable to bankruptcy under FED. R. BANKR.P. 7056), this Court will

---

**1.** The exact date of the purchase is unclear to the Court, but the Debtors' schedules reflect that the debt to the Defendant was incurred in September of 2006.

**2.** 11 U.S.C. § 101 *et seq.*

grant summary judgment only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED. R.CIV.P. 56(a); *Chavez v. Mercantil Commercebank, N.A.*, 701 F.3d 896, 899 (11th Cir.2012). A fact is material if it might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party has the burden of establishing the right of summary judgment, *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir.1982), and the Court will read the opposing party's pleadings liberally. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

In determining whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir.1985). The moving party must identify those evidentiary materials listed in Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* FED.R.CIV.P. 56(e). Once the moving party makes a *prima facie* showing that it is entitled to

judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a material issue of fact which precludes summary judgment. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Martin v. Commercial Union Ins. Co.*, 935 F.2d 235, 238 (11th Cir.1991).

### Conclusions of Law

#### A.  11 U.S.C. § 547

Subject to certain exceptions not relevant here, the Trustee "may avoid any transfer of an interest of the debtor in property," which is made: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) while the debtor was insolvent; (4) within 90 days of the filing of the petition; and (5) enabling such creditor to receive more than such creditor would receive if the transfer had not been accomplished, and the creditor received payment only to such extent as authorized by the provisions of Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 547(b). Having considered the admitted facts, the Court concludes that the Trustee satisfied his burden establishing this lien as a preferential transfer, subject to avoidance.

■■■ The Debtors purchased the automobile prior to the petition date and continued their ownership until the instance of the transfer of the security interest, thus causing them to have an interest in the BMW.[3] The Debtors granted a security interest in the BMW to the Defendant, thereby effecting a transfer within the meaning of the Code.[4] Defendant admitted

---

**3.** The Supreme Court interpreted "interest of the debtor in property" to mean "that property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings." 5 COLLIERS ON BANKRUPTCY ¶ 547.03[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2013) (quoting *Begier v. IRS*, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990)).

**4.** The Code defines a transfer as, *inter alia*, "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with ... an interest in property." 11 U.S.C. § 101(54).

to being a creditor of the Debtors at the time of the transfer. Based on the admissions and the documents deemed genuine in this case, the Debtors transferred the security interest at least four years after the debt arose,[5] thereby making the transfer on account of an antecedent debt owed by the Debtors to the Defendant. The Debtors were insolvent at the time of the transfer.[6] The transfer occurred within the 90–day preference period. And finally, the transfer provides the Defendant more than he would have received from a Chapter 7 case had the security interest never been transferred and he received a *pro rata* proportion of the liquidated estate assets along with other unsecured creditors. Accordingly, the Court finds that the lien should be avoided.

### B. O.C.G.A. § 13–6–11

The second count of the Trustee's complaint asks for $3,615 in attorney's fees pursuant to O.C.G.A. § 13–6–11, for stubborn litigiousness and for causing unnecessary trouble and expense. O.C.G.A. § 13–6–11 provides that "the expenses of litigation generally shall not be allowed as a part of damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the [finder of

fact] may allow them. GA.CODE ANN. § 13–6–11.[7] However, there is no evidence in the record to substantiate the claim. Defendant failed to answer Trustee's request for admission number 13, which states "[a]dmit that you have been stubbornly litigious and caused Plaintiff unnecessary trouble and expense in this proceeding." Pl.'s Notice of Filing Disc., ECF No. 18. Nevertheless, this is a legal conclusion, and admissions regarding pure conclusions of law are not binding on the Court. *See In re Valliani*, 2014 WL 345700, at *4 (Bankr. E.D.Tex. January 30, 2014) (citing *Carney v. IRS*, 258 F.3d 415, 419 (5th Cir.2001) and *Warnecke v. Scott*, 79 Fed.Appx. 5, 6 (5th Cir.2003)). Accordingly, Plaintiff is required to point to facts that support an award of attorney's fees for bad faith, stubborn litigiousness, or unnecessary trouble and expense.

First, nothing on the record supports either of these assertions as of the filing of the complaint. In fact, there is no mention that the Trustee ever contacted the Defendant prior to filing the complaint. The Trustee seems to believe that Defendants actions with regard to his insufficient answer and his failure to participate in discovery adequately satisfies his *prima facie* burden. It is uncertain whether an initial claim for attorney's fees in the complaint can be substantiated through subsequent conduct.[8] Assuming *arguendo* that

---

5. For purposes of Section 547, the Code provides that a transfer is made at the time such transfer is perfected, if such transfer is perfected after 30 days. 11 U.S.C. § 547(e)(2)(B). Because the security interest was created in June of 2008 but not perfected until April of 2012, the transfer is presumed to have taken place upon the later date.

6. For purposes of Section 547, a debtor is presumed to be insolvent during the 90–day period immediately preceding the date of the filing of the petition. 11 U.S.C. § 547(f).

7. Alternatively, it appears from his brief that the Trustee feels fees should be awarded under the Court's inherent authority to assess attorney's fees where a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Maid of the Mist Corp. v. Alcatraz Media, LLC*, 446 Fed.Appx. 162, 164 (11th Cir.2011).

8. Case law from Georgia's appellate courts suggests disapproval of substantiating a claim by directing a court's attention to subsequent actions of a defendant. In the case of *Nash v. Studdard*, the trial judge found the record

the Trustee's claim for attorney's fees can derive from Defendant's post-complaint inaction, the Court fails to see stubborn litigiousness or any cause leading to the accrual of unnecessary trouble and expense. The Defendant did not file unnecessary motions or counterclaims and did not frivolously object to actions taken by the Trustee. He simply failed to defend himself.[9] Moreover, Defendant already suffered repercussions for his nonfeasance by having adverse facts admitted against him, and it seems inequitable to punish him a second time for the same failures.[10] In actuality, Defendant's inactivity may have simplified the Trustee's prosecution of this case by reducing the necessary workload. Accordingly, the Court denies the Trustee's request for an award of expenses and costs associated with this litigation.

### Conclusion.

After reviewing all filings in this matter and considering the facts in a light most favorable to the non-moving party, the Court concludes that the Trustee is entitled to judgment as a matter of law on Count I of his complaint, which requests the Court's finding that the security interest in the BMW is a preferential transfer in accordance with 11 U.S.C. § 547(b). The Court does not find the Trustee entitled as a matter of law as to Count II of his complaint, requesting attorney's fees under O.C.G.A. § 13–6–11. Accordingly, it is hereby

**ORDERED** that the Trustee's Motion for Summary Judgment is **GRANTED in part and DENIED in part.** The transfer of the security interest in the BMW, which Defendant perfected during the preference period, shall be avoided and preserved for the benefit of the estate in accordance with 11 U.S.C. § 547 and 11 U.S.C. § 551. The request for Trustee's attorney's fees is denied. The Court shall issue a judgment in accordance with this Order.

The Clerk is **DIRECTED** to serve a copy of this Order upon the Trustee, Trustee's counsel, and the Defendant.

**IT IS ORDERED.**

devoid of facts showing bad faith and stubborn litigiousness, but decided that because the case was still pending, actions could arise *ex post facto* causing a substantiated claim to be pursued at a later time and upon a proper showing. *Nash v. Studdard,* 294 Ga.App. 845, 851–852, 670 S.E.2d 508 (Ga.Ct.App.2008). The appellate court found this inappropriate, stating that "the trial judge should not have deferred ruling after concluding that the record failed to show bad faith." *Id.* at 852, 670 S.E.2d 508.

9. The Court also keeps in mind that it is supposed to treat the actions or, in these circumstances, the inactions of a *pro se* defendant with leniency. *See e.g., McWeay v. Citibank, N.A.,* 521 Fed.Appx. 784, 788 n. 3 (11th Cir.2013)

10. The Court also acknowledges that, first and foremost, it is a court of equity.